No. 26,010.

C. A. HARPSTER, doing business as THE HARPSTER LUMBER COMPANY, *Appellant*, v. CHARLES M. SCOTT, AUGUST SCHEID, JAMES M. GILMORE et al., *Appellees*, and L. E. HELVERN, Receiver.

### SYLLABUS BY THE COURT.

JUDICIAL SALES—*Receiver During Redemption Period—Liability for Expenses.* Real property which had been sold at sheriff's sale subject to redemption within the statutory time was placed in charge of a receiver to be managed by him until the expiration of that period, the order being made on motion of one of several owners of undivided interests in the rights of possession and redemption, who were unable to agree in its management. It is held that an excess of the expenses of the receivership over its income cannot be charged to the purchaser or made a lien upon his title to the realty.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed December 5, 1925. Reversed.

*W. F. Means*, of Hiawatha, for the appellant.

*Tom D. Smith* and *Sample F. Newlon*, both of Hiawatha, for the appellees; *L. E. Helvern*, of Hiawatha, *pro se*.

The opinion of the court was delivered by

MASON, J.: This case involves the question whether in the situation presented the excess of the expenses over the income of a receivership during the period allowed for redemption after a sheriff's sale of real estate can be charged to the purchaser or made a lien against the realty.

The property involved was an amusement park. On February 22, 1923, a decree of foreclosure, marshaling assets, was rendered, ordering a sale subject to redemption by the owner in six months, with three months additional allowed subsequent lienholders. The plaintiff, C. A. Harpster, held a mechanic's lien subject only to a first mortgage. On May 5, 1923, the property was sold, the plaintiff bidding it in for substantially the amount of the first mortgage, his mechanic's lien, and costs. On June 4, 1923, on application of A. J. Scheid, the owner of a half interest in the property, the court appointed L. E. Helvern receiver, with directions to operate and manage the property during the period of redemption. The order recited that Scheid and the other owners of the right of redemption were unable to agree among themselves as to the management of the

Judicial Sales, 35 C. J. § 111.

property, and a receiver was necessary for it "to be properly taken care of, controlled, and looked after and made profitable." On June 6, 1923, the sale was confirmed. On December 20, 1923, the receiver filed a report showing a net loss in the operation of the property of $771.45. On May 4, 1924, the court charged that amount, with $50 for compensation of the receiver, as costs in the action, making it a lien on the property, and ordered a sale thereof if it were not paid within thirty days. Harpster, the plaintiff and purchaser at the sale, appeals.

We think what was placed in the control of the receiver was the interest in the property which the statute reserves to the original owner after a sale subject to redemption. It covered the possession and income during the period fixed. It did not enable the receiver to make a charge upon the realty itself. In that situation the receiver for any deficiency resulting from his administration can look only to the owners of the right of redemption or to their interest in the property. The occasion for the receivership grew out of the inability of those entitled to possession to agree among themselves as to its management. The purchaser was not entitled to possession and was not concerned therewith until the redemption period should expire. It is true the order appointing the receiver directed him to do all things necessary in his judgment for the benefit of all parties interested in the real estate. But in view of the circumstances the persons interested in the property committed to him were the holders of the right of possession and redemption.

The entry upon the journal of the proceedings at the time the order appealed from was made contains a recital that all parties to the action had notice of the proceeding and were present in court in person or by attorney; and the order appointing the receiver recites that all the parties interested waived all objections they might have "to the appointment of the said L. E. Helvern as receiver in said matter." This does not bind the plaintiff to acquiescence in the charging of the expenses of the receivership to the title he had acquired by his purchase at sheriff's sale.

At the time the judgment of foreclosure was rendered Helvern was appointed receiver to take charge of the premises and cause them to be insured, which was done. But the receivership now under consideration is based upon the later order made on the motion of Scheid, and is not affected by the earlier one.

In addition to the mechanic's lien held by the plaintiff he was by

the original judgment awarded a lien of $109.73, subject to two intervening liens of several thousand dollars each. It is suggested that in virtue thereof he had an interest in the rights of redemption. If the claim for reimbursement of the receiver were asserted against that interest of the plaintiff an entirely different question would be presented.

The judgment is reversed, with directions to modify it by striking out the portion thereof making the plaintiff or his title to the land subject to the payment of the costs of the receivership.